BANK OF NEW YORK & TRUST CO. AS ADMINISTRATOR C. T. A., ESTATE OF ANNA BENKARD HUNT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32881. Promulgated September 8, 1930.

*Henry L. Stutz, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

Van Fossan: The question presented to us for determination is whether or not under the estate-tax provisions of the Revenue Act of 1924 the value of the corpus of the trust estate created by Anna Benkard Hunt, as set forth in the findings of fact, is taxable as a part of her gross estate.

In our opinion the trust deed and the supplemental deed dated respectively July 31, 1872, and November 18, 1879, must be read together. So read, they constitute the declaration of trust with which we are now concerned. By the former of these deeds the grantor created for herself a life interest in the income, rents, issues and profits of the estate granted to her in trust, reserving to herself a general power of appointment of beneficiaries to and among whom the corpus of the trust should be paid and divided upon her death. In the latter of these deeds the settlor exercised the power of appointment reserved in the deed dated July 31, 1872, by appointing and directing that upon and after her death the trustees should pay the net income, rents and profits of the trust estate to her husband during his life and upon and after his death should " assign, transfer, convey and set over " the capital of the trust estate unto her children then living and to the issue of any deceased child in equal shares *per stirpes*, and not *per capita*, " absolutely and forever." The settlor, however, in so exercising her power of appointment, reserved to herself the right " to vary the disposition " above set forth by her last will and testament or by an instrument in writing in the nature thereof, by directing, if she should so desire, that upon and after her death a part of the annual income should be paid to her children during her husband's life and also by directing and appointing " that the said estate upon her said husband's death shall be assigned, transferred, conveyed and set over unto one or more of her children or to their issue to the exclusion of other of her children and their issue or that such estate be assigned, transferred, conveyed and set

over unto said children and to their issue in such unequal shares as she may desire and as she may hereafter determine."

The respondent contends that the value of the corpus of the trust estate remaining at the death of Anna Benkard Hunt should be included in the decedent's gross estate under the provisions of section 302 (c), (d) and (f) of the Revenue Act of 1924. These provisions are as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated.

\*     \*     \*     \*     \*     \*     \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of Part I of this title;

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for a fair consideration in money or money's worth;

\*     \*     \*     \*     \*     \*     \*

(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for a fair consideration in money or money's worth.

The petitioner argues that the general power of appointment reserved in the deed dated July 31, 1872, was exercised and wholly exhausted by the execution of the supplemental deed dated November 18, 1879; that such exercise was for a fair consideration; that the right reserved to the settlor, in the supplemental deed, to " vary the disposition " of the trust estate by her last will and testament or by an instrument in the nature thereof was a reservation of such a limited power that it does not constitute a power to alter, amend or revoke; and that, in so far as it attempts to tax retroactively transfers made long before the passage of any Federal estate-tax law, when the creator of the trust has not reserved a power to alter, amend or revoke, the Revenue Act of 1924 is unconstitutional.

In our view the transfer of the beneficial interests in the corpus of the trust was not complete until the death of Anna Benkard Hunt. The power reserved by her in the supplemental ·deed was a power to alter such beneficial interests. In such case, obviously, the question of the constitutionality of the tax is not involved.

Although by the execution of the supplemental deed dated November 18, 1879, the settlor divested herself, beyond her recall, of the legal title to the corpus of the trust estate, she was not thereby divested completely of control over the course of distribution of the capital of the trust upon her death. She reserved to herself the right to determine by her last will and testament or by the execution of an instrument in the nature thereof the course of the distribution of the proceeds of the corpus of the trust estate among her children or their issue, even to the extent of excluding some of her children or their issue from a beneficial interest in the capital of the trust. After the execution of the supplemental deed and up to the time of her death Anna Benkard Hunt, at her desire, could effect a change in the beneficial interests in the proceeds of the trust estate after her death and only her death could terminate her control of the course of distribution. Thus, it could not be determined up to the date of the settlor's death to or among whom of her children or their issue the corpus of the trust estate would be paid and divided. To that extent the transfer was incomplete until the settlor's death. In our opinion, therefore, the enjoyment of the beneficial interest in the corpus of the trust estate was subject at the date of the settlor's death to a change through the exercise of a power by the decedent. A power to effect such a change must, in our opinion, be construed as a "power to alter." As a matter of fact, Anna Benkard Hunt, by her last will and testament and the codicil thereto, did alter the beneficial interests in the corpus of the trust.

We therefore consider that the principles set forth in the cases of *Saltonstall* v. *Saltonstall*, 276 U. S. 260; and *Chase National Bank* v. *United States*, 278 U. S. 327; and *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, are applicable to the issue in this proceeding. In the *Chase National Bank* case, *supra*, the Supreme Court said:

Termination of the power of control at the time of death inures to the benefit of him who owns the property subject to the power, and thus brings about, at death, the completion of that shifting of the economic benefits of property which is the real subject of the tax * * *.

In the instant proceeding, the power to effect a change in the beneficial interest was reserved to Anna Benkard Hunt alone. She could alter the proportions of the corpus of the trust to be paid to and divided among her children, could exclude some of her children from

any beneficial interest therein, and her death only could "bring about the completion of that shifting of the economic benefits of property" which is the subject of tax.

We are of the opinion, therefore, that the facts in this case bring it within the provisions of section 302 (d) of the Revenue Act of 1924 and that the value of the corpus of the remainder of the trust estate at the date of decedent's death should be included in the gross estate of the decedent for the purposes of taxation.

*Decision will be entered for the respondent.*