H. T. COOK, HENRY N. YOUNG AND TRENTON TRUST COMPANY, EXECUTORS OF THE ESTATE OF GEORGE R. COOK, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33737. Promulgated May 19, 1931.

*Robert H. Montgomery, Esq.*, and *J. Marvin Haynes, Esq.*, for the petitioners.

*Frank T. Horner, Esq.*, for the respondent.

OPINION.

BLACK: The first question for consideration is whether or not the proceeds of the policies of insurance on the life of the decedent described in the findings of fact to the extent of the excess over $40,000, should be included in decedent's gross estate. The applicable provisions of the Revenue Act of 1924 with reference to these insurance policies is section 302(g) (h).

The eight polices of insurance in question were taken out by the insured between the years 1898 and 1911, which was before the enactment of the estate-tax statute, and the petitioners therefore contend that the proceeds of the policies can not be validly included in decedent's gross estate, citing *Lewellyn* v. *Frick*, 268 U. S. 238.

At the time of decedent's death the Revenue Act of 1924 was in effect. In each of the policies, either by the original provision of the policy or by endorsement made after the death of the original beneficiary, the right to change the beneficiary from time to time was reserved. This right was reserved to the insured alone and its exercise, therefore, was not dependent upon the action or consent of any other person. The right persisted until extinguished by the death of the insured. Hence, until the moment of his death, de-

cedent retained a legal interest in all of the policies which empowered him to dispose of their proceeds to such beneficiary or beneficiaries as he might choose to designate. We think under this state of facts respondent correctly included the proceeds of these insurance policies, in excess of $40,000, as a part of decedent's gross estate. *Chase National Bank* v. *United States*, 278 U. S. 327; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Heiner* v. *Grandin*, 44 Fed. (2d) 141. Cf. *Helena Liebes, Executrix*, 20 B. T. A. 731.

The next issue for our consideration is raised by petitioners' assignment of error (b), in which it is alleged that respondent erred in including in the gross estate of decedent the corpus of certain trust estates created by the decedent in his lifetime. These deeds of trust have been fully described in our findings of fact and especially article eleven and the language in the two supplements filed to each of the deeds of trust have been fully set out.

Respondent has included the value of the corpus of these trusts as a part of decedent's estate under section 302(c) (d) (h) of the Revenue Act of 1924. Section 302(d) and (h) were not in the Revenue Act of 1921 and appeared for the first time in the Revenue Act of 1924. These paragraphs of section 302 of the Revenue Act of 1924 read:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*          \*          \*          \*          \*          \*          \*

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for a fair consideration in money or money's worth;

\*          \*          \*          \*          \*          \*          \*

(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

It would seem clear that under the plain language of the Revenue Act of 1924, above quoted, the corpus of the trust estate should be included as a part of decedent's estate. Petitioners contend, however, that the corpus of these trusts should not be included because decedent, when he created the trusts, especially provided that, although he reserved the power to revoke the trusts, he could never make himself the beneficiary. We had before us a similar situation in *Loring A. Cover et al.*, 17 B. T. A. 1177, and held adversely to

petitioners' contention. In that case, the trust instrument contained this clause: " I hereby reserve to myself the right at any time or times during my life, to alter, change, or modify the trusts hereby created, *without the right to withdraw any* part of the principal; any such change, alteration or modification by me to be evidenced by a proper writing under my hand and seal and lodged with said trustee during my lifetime." (Italics supplied.)

Notwithstanding the above-quoted clause by which the settlor of the trust put it beyond his power to ever repossess any of the principal of the trust for his own benefit, we held that his reservation of the power to alter, change, or modify the trusts brought them squarely within the provisions of section 302(d)(h) of the Revenue Act of 1924, and that the value of the property constituting the corpus of the trusts, plus the undistributed income which had accrued at the date of decedent's death, should be included in computing the gross estate of decedent for estate-tax purposes. See *McCaughn* v. *Fidelity Trust Co.*, 34 Fed. (2d) 443.

It would seem clear that there is no substantial difference in the power to alter, change, or modify the trust instrument which the settlor reserved to himself in *Loring A. Cover et al., supra,* and that which the settlor in the instant case reserved to himself in article eleven in each of the trust instruments. It is the contention, however, of petitioners in the instant case that the supplements executed by the settlor to each of the trust instruments in 1925 so limited his power to designate future beneficiaries of the trusts that the provisions of section 302(d) do not apply.

In these supplements which the settlor executed to each of the trust instruments in 1925, he still reserved to himself the unrestricted power to revoke each of the trust instruments and designate other beneficiaries, but the designation of other beneficiaries was to be limited among his wife and three children. In other words, by the exercise of this reservation of power he could cut any one of them entirely off, but he could not cut all of them off. This situation is not unlike the one which we had before us in *Bank of New York & Trust Co., Administrator,* 20 B. T. A. 677. In that case the trust instrument contained the following clause:

AND THIS INDENTURE FURTHER WITNESSETH: That the party of the first part hereby reserves to herself the right to vary the disposition hereinabove made of the said Trust Estate by her last will and testament or by an instrument in the nature thereof hereafter to be executed by her by directing that a certain part of such annual income shall be paid to her children during the life time of her said husband if she shall so desire, and also by directing and appointing that the said estate upon her said husband's death, shall be assigned, transferred, conveyed and set over unto one or more of her children or to their issue to the exclusion of other of her children and their issue or that such estate be assigned, transferred, conveyed and set over unto said children and

to their issue in such unequal shares as she may desire and as she may hereafter determine.

And in the event of there being no child or children of hers nor issue of a child or children living at the time of the death of the party of the first part, then she reserves to herself the absolute right of disposing of the said trust estate by her last will and testament or instrument in the nature thereof to any person or persons whomsoever as she may desire, and she also reserves to herself the right to dispose by last will and testament or by instrument in the nature thereof of all and singular the said trust estate in the event of all her children departing this life without issue during the lifetime of her said husband, anything herein contained to the contrary in any wise notwithstanding.

In the case of *Bank of New York & Trust Co., Administrator, supra,* the petitioner contended that the general power of appointment reserved in the deed dated July 31, 1872, was exercised and wholly exhausted by the execution of the supplemental deed dated November 18, 1879, from which above quotation is taken; that such exercise was for a fair consideration; that the right reserved to the settlor, in the supplemental deed, to "vary the disposition" of the trust estate by her last will and testament or by an instrument in the nature thereof was a reservation of such limited power that it does not constitute a power to alter, amend or revoke. But we held against such contentions and said, "We are of the opinion that the facts in this case bring it within the provisions of section 302(d) of the Revenue Act of 1924 and that the value of the corpus of the remainder of the trust estate at the date of decedent's death should be included in the gross estate of the decedent for the purpose of taxation."

So, on the authority of the plain language of section 302(d)(h) of the Revenue Act of 1924 and *Loring A. Cover et al., supra,* and *Bank of New York & Trust Co., Administrator, supra,* we hold that respondent committed no error in including in the gross estate of decedent the corpus of the trust estates created by the decedent.

We are not unmindful of the fact that our holding in this respect is contrary to *Brady* v. *Ham, Collector,* 45 Fed. (2d) 454. We think however that the holding of the learned court in *Brady* v. *Ham, supra,* is contrary to the holding of the Supreme Court of the United States in *Reinecke* v. *Northern Trust Co.,* 278 U. S. 339; *Chase National Bank* v. *United States,* 278 U. S. 327. It should be pointed out that *Reinecke* v. *Northern Trust Co., supra,* and *Chase National Bank* v. *United States, supra,* were both decided prior to the Revenue Act of 1924 and when there was no section 302 (d) (h) which we have quoted in the body of this opinion. Certainly under the principles laid down by the Supreme Court in the two above-cited cases, reinforced by the specific enactment of Congress contained in section. 302 (d) (h) of the Revenue Act of 1924, there can be no doubt that

the property conveyed by these trust deeds should be included as a part of decedent's gross estate.

One of the learned justices in a concurring opinion in *Brady* v. *Ham, supra,* expressed his doubt that the holding of the court would be approved by the Supreme Court of the United States, in the following language:

ANDERSON, J. (concurring): In Judge Wilson's opinion it is stated:

"The test, therefore, is whether the donor or decedent has reserved to himself control over the economic benefits or enjoyment of trust property. If the economic benefits passed under the trust deed from the decedent's control beyond recall, there can be no transfer tax."

This grounds the power to tax on beneficial interest. In *Hill* v. *Commissioner*, 38 Fed. (2d) 165, 168, and in *Pope* v. *Commissioner*, 39 Fed. (2d), 420, 424, I unsuccessfully urged, as controlling, the same principle on my brethren, and wrote dissents. The Supreme Court, in 281 U. S. 761, denied certiorari in the *Hill* case. If and in so far (if at all) as such refusal to review may be held to warrant an inference of approval of the majority views in that case, my dissent is held wrong. But, in the absence of explicit holding by that court that beneficial interest is not, in general, the test of taxability, I concur in reversing the decision below.

My doubt as to the ultimate holding of the Supreme Court is increased by the expressions of that court in *Tyler* v. *United States*, 281 U. S. 497. In that case, it was ruled that property held by husband and wife by an estate in the entirety, was taxable as a part of the deceased husband's estate. The basis of the holding was, that only the husband's death gave the wife the power to hold the estate *absolutely* as her own, including the power of disposal; that his death was "the generating source" of important and definite accessions to her property rights.

So in the case at bar: The rights of the beneficiaries under the trust were, until Mrs. Haynes' death, absolutely subject to be changed or destroyed under the power reserved to her. She could do practically *anything* with that trust fund except apply its economic benefits to herself. Her death "ripened" their property rights. 281 U. S. 503.

If a power to alter and divert, absolutely divorced from economic benefits, to the holder of the power, is not taxable, our decision is right. But I record my doubt as to what the Supreme Court will ultimately hold on that question.

By stipulation between the parties filed in this proceeding, the question as to the allowance of a credit for the amount paid to the State of New Jersey for transfer inheritance taxes is not now before us for consideration. In accordance with the stipulation the amount of credit to be allowed is to be agreed upon by the parties hereto and settled under Rule 50 of the rules of this Board.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

VAN FOSSAN, dissenting: I must dissent from the decision of the Board on the second point.

In each of the original trust deeds there was incorporated a paragraph "Eleventh" set out in full in the findings of fact. By its

terms a power to modify, amend or revoke the trust was reserved "provided however that should the said party of the first part modify, alter or revoke, in whole or in part, this indenture, as provided herein, he shall not designate himself as beneficiary." Subsequently, decedent executed with due formality certain "second supplements" which read as follows:

I reaffirm article eleven of. the original Deed of Trust * * *, and declare that such rights of modification, alteration or revocation as are reserved by me will effect, if made, a beneficiary other than myself, that while I have reserved the 'right to change the beneficiary it will be some one other than myself, and that I have no interest now or in the future in the corpus of the trust or the income therefrom.

Yet later supplements were as follows:

I reaffirm Article Eleven of the original Deed of Trust, entered into with the Girard Trust Co., Trustee and myself on July 16, 1923; and further declare that if I should avail myself of the right to revoke this Trust and the Supplements thereto, from the present beneficiary, Mrs. Eleanor C. Young, I shall designate Mrs. Alice H. Cook, Mr. Horace T. Cook and Master John Hutchinson Cook, as beneficiaries, who shall share in income in equal shares and the principal of the Trust will be added to the Trusts already created for the said Mrs. Alice H. Cook, Mr. Horace T. Cook and Master John Hutchinson Cook.

I again state that I have no interest now or in the future in the corpus of the trust or the income therefrom, and that no part of the principal or the income therefrom is to be or will be used to pay premiums of life insurance policies on my life.

In *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, Mr. Justice Stone observed:

Nor did the reserved powers of management of the trusts save to decedent any control over the economic benefits or the enjoyment of the property. He would equally have reserved all these powers and others had he made himself the trustee, but the transfer would not for that reason have been incomplete. The shifting of the economic interest in the trust property which was the subject of the tax was thus complete as soon as the trust was made. His power to recall the property and of control over it for his own benefit then ceased and as the trusts were not made in contemplation of death, the reserved ' powers do not serve to distinguish them from any other gift *inter vivos* not subject to the tax.

By express declaration decedent at the time he created the trusts foreclosed himself from any future participation in the corpus or fruits thereof. So far as he was concerned he divested himself irrevocably of all economic or beneficial interest in either. There remained no power or control "for his own benefit," and at his death no economic benefit in the trust property could pass from him to the living.

Nor is the retention by decedent of the limited power by which the enjoyment of the fruits of the trust could be shifted from one named beneficiary to another, also named, inconsistent with the conclusion that decedent had effectively and irrevocably parted with all beneficial interest in the property. No advantage or benefit could accrue to him from such action. By his covenant he has expressly precluded such a possibility.

In the case of *Brady* v. *Ham*, 45 Fed. (2d) 454, the Circuit Court of Appeals for the First Circuit had before it a situation quite parallel to the present proceeding. The case arose under the same taxing act (1924). The question·had its origin in a provision of a trust deed, which reads as follows:

Said Elizabeth S. Haynes shall have full power to make any additions to the trust property and to change and alter any or all of the trust herein set forth, to name any beneficiaries other than those above named *except herself,* whether by way of addition or substitution, and to appoint another trustee or other trustees at any time either by way of addition or substitution for the trustee or trustees at any time acting. Any such change, alteration or appointment shall be made by her deed and shall take effect immediately upon the delivery thereof to any one not herself who shall at the time be acting as a trustee hereunder, or if she be the sole trustee upon her execution thereof. (Italics ours.)

Addressing itself to this quoted provision, the court said:

The decedent, Elizabeth S. Haynes, by her declaration of trust expressly deprived herself of the enjoyment of all economic benefits in the trust estate. While she might control the final disposition of it so far as the beneficiaries were concerned, she could not restore to herself any beneficial enjoyment of it. She reserved no power of revocation as in the first "two trusts" in the *Reinecke* case. *Bath Sav. Institution* v. *Hathorn*, 88 Me. 122; *Keys* v. *Carleton*, 141 Mass. 45, 49; *Thurston, Pet'r.* 154 Mass. 596; *Sands* v. *Old Colony Trust Co.* 195 Mass. 575, 577. So far as any economic benefits of the trust estate were concerned, they passed to the trustees at· the time of the execution of the declaration of trust. The enjoyment of them may not have been definitely settled on the beneficiaries until her death, and the beneficiaries may have been subject to a succession tax, but the right of enjoyment of any economic benefits thereof irrevocably passed from the decedent in 1911. To hold that such property was subject to a transfer tax would amount to what the Supreme Court had termed in the above-cited cases as an arbitrary and capricious exercise of legislative power.

This test established by the Supreme Court has been since followed in the Circuit Court of Appeals in the Third Circuit in *McCaughn* v. *Carnill*, 43 Fed. (2d) 69, and in the District Court for the District of Massachusetts in *Erskine et al.* v. *White*, decided October, 1, 1930.

In the circumstances of the present case it is only by a strained or highly artificial construction that the corpus of the trusts can be included in the gross estate of decedent.