DAY KIMBALL, LAWRENCE KIMBALL AND HARTFORD-CONNECTICUT TRUST COMPANY, AS ADMINISTRATORS WITH THE WILL ANNEXED OF JEANIE L. KIMBALL, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49282.    Promulgated October 3, 1933.

*Watson Washburn, Esq.*, for the petitioners.
*Ralph F. Staubly, Esq.*, for the respondent.

### OPINION.

SEAWELL: In 1892 the decedent, in contemplation of marriage, transferred in trust certain stocks and bonds, with directions to pay the income thereof to herself for life and upon her death to transfer the corpus equally among her children, if any, the children of any deceased child to receive the share their parent would have received thereunder if living. In case the settlor died without issue living at the time of her death, then the corpus was to go to such person or persons as would be entitled to receive it under the statute of

distributions of the State of New York.   The trust indenture contained a clause reading as follows:

The party of the first part [decedent] hereby specifically reserves to herself an absolute right to dispose of the principal of said trust property, or any portion of it, by her last Will and Testament, and in case she leaves a last Will and Testament, the parties of the second part [trustees] shall pay over, transfer and distribute the said principal to the person or persons and in the manner directed in and by such last Will and Testament, even though such provisions exclude any or all of her children or grandchildren.

The settlor died December 25, 1927, a resident of Pomfret, Connecticut, leaving two children, Day Kimball and Lawrence Kimball, born, respectively, January 16, 1893, and October 25, 1900.

The value of the cash and securities representing the corpus of the trust fund at the date of the decedent's death is stipulated to have been $314,318.75, which amount was distributed in equal shares to the decedent's surviving children in accordance with the provisions of the trust deed.

In her last will and testament, executed January 2, 1923, the decedent recited that she was not exercising the right reserved to her in the trust deed to dispose of all or any portion of the property in trust.

In his audit of the estate tax return filed by the petitioners for the decedent's estate, the respondent included the value of the trust fund in the gross estate on the ground that the decedent did not relinquish any economic rights or benefits in the property until the time of her death.   This, with other adjustments, resulted in a deficiency in estate tax of $14,473.57, forming the basis of this proceeding.   The only adjustment alleged by the petitioners as error is the inclusion of the value of the trust fund in the gross estate.

Section 302 of the Revenue Act of 1926 provides in part:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death;

*     *     *     *     *     *     *

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth.   *   *   *

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth.   *   *   *

The substantial difference between the parties appears to be on the question of whether the trust was revocable or irrevocable. The point must turn upon the power reserved by the decedent to divest by will the remainders granted in the trust instrument.

In *Bank of New York & Trust Co., Executor*, 21 B.T.A. 197, where the decedent, as here, reserved power to finally dispose of the property by will, and did exercise the right but not contrary to the provisions of the trust, we held that the trust was revocable and, following *Edward J. Hancy, Executor*, 17 B.T.A. 464, held the transfer taxable as part of the gross estate. In the case of *Luis James Phelps et al., Executors*, 27 B.T.A. 1224, decided since the submission of this proceeding, the decedent created a trust for the benefit of his wife and retained the right to transfer the property at his death to such person or persons as he might designate in his last will and testament. We held such retention of control rendered the transfer incomplete and subject to tax, citing *Saltonstall* v. *Saltonstall*, 276 U.S. 260, and *Chase National Bank* v. *Commissioner*, 278 U.S. 327.

It is apparent from the clear wording of the trust involved here that the decedent divested herself of all interest in the stocks and bonds except the absolute right to dispose of the property by will as freely as if she had fee simple title. This reservation of power to herself alone gave her the right, exercisable by will, to designate other transferees of the corpus, create another trust, with beneficiaries other than her children, grandchildren or other heirs, or otherwise dispose of or deal with the property as she saw fit, effective at her death. The transfers to the decedent's sons under the trust were merely tentative and incomplete until the moment the decedent died without otherwise disposing of the property by will. At no time prior to the decedent's death did her children have any control or dominion over the property, or interest therein that was not subject to divestiture by the decedent's will. There was no gift inter vivos of the securities, *Burnet* v. *Guggenheim*, 288 U.S. 280; *Union Trust Co.* v. *United States*, 54 Fed. (2d) 152; certiorari denied, 286 U.S. 547, and the trust was revocable. *Bank of New York & Trust Co., Executor, supra.*

The recent case of *Porter* v. *Commissioner*, 288 U.S. 436, not discussed in the *Phelps* case, *supra*, is in point. There trusts were created with power in the settlor alone to alter or modify the instruments otherwise than in favor of himself or his estate. In holding that the transfers were undoubtedly covered by section 302 (d) of the Revenue Act of 1926, the Court said:

The net estate upon the transfer of which the tax is imposed, is not limited to property that passes from decedent at death. Subdivision (d) requires to be included in the calculation all property previously transferred by decedent, the enjoyment of which remains at the time of his death subject to any change

by the exertion of a power by himself alone or in conjunction with another. * * * Here the donor retained until his death power enough to enable him to make a complete revision of all that he had done in respect of the creation of the trusts even to the extent of taking the property from the trustees and beneficiaries named and transferring it absolutely or in trust for the benefit of others. So far as concerns the tax here involved, there is no difference in principle between a transfer subject to such changes and one that is revocable. * * *

Here, as already pointed out, the decedent had no power to alter the indenture so as to bring about a change effective during her lifetime, but until terminated by her death she had the unrestricted right to dispose of the property by will. The change in the power at death was, as respecting title to the property, "the source of valuable assurance passing from the dead to the living" and justified the imposition of the tax here in question. *Reinecke* v. *Northern Trust Co.*, 287 U.S. 339; *Chase National Bank* v. *Commissioner, supra; Klein* v. *United States*, 283 U.S. 231; *Porter* v. *Commissioner, supra.*

The conclusion reached is not contrary to *Nichols* v. *Coolidge*, 274 U.S. 531, since the transfers in question did not become effective until after the passage of the 1926 Act. *Milliken* v. *United States*, 283 U.S. 15; *Porter* v. *Commissioner, supra.*

In their stipulation of facts the parties agreed that the net estate should be reduced by allowing as deductions amounts for trustees' commissions and attorney fees. These adjustments will be reflected in the recomputation to be made under Rule 50.