FREDERICK FOSTER AND UNITED STATES TRUST COMPANY, EXECUTORS, ESTATE OF ALBERT E. PILLSBURY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70233. Promulgated November 28, 1934.

*Frederick Foster, Esq.,* for the petitioners.

*Dean P. Kimball, Esq.,* and *J. J. Willett, Jr., Esq.,* for the respondent.

OPINION.

ARUNDELL: The respondent has determined a deficiency in estate tax in the amount of $1,795.54. The deficiency arises out of the respondent's inclusion in gross estate of the corpus of trust property valued at $382,156, less the present worth of an annuity payable to decedent's wife, leaving a net value of $355,815.32. There is no issue as to the values determined by the respondent. The petitioners contend that the corpus of the estate was irrevocably and completely transferred by the decedent in 1919.

On October 1, 1919, the decedent, Albert E. Pillsbury, transferred certain securities to the United States Trust Co., in trust, for the purpose of paying to his wife out of the income therefrom the sum of $3,000 per year, any excess to be paid to the grantor, and upon the death of the wife the net income to be paid to the grantor during his life. Provisions for the ultimate disposition of the corpus were made in the trust agreement as follows:

* * * upon his [the grantor's] death intestate [the trustee] will transfer the property and securities with their accumulations, if any, as they shall then be, in equal shares to Elizabeth Dinsmoor Pillsbury and Parker Webster Pillsbury (the children of the donor and the beneficiary) or the whole to the then surviving of such children; or upon his death testate, if so provided by his last will, to a trustee appointed thereunder to be held upon such trusts as may therein be specified for the benefit of such children, or their survivor or issue; or if neither of such children or issue be then living, to his executor to be administered as part of his estate or to such persons or objects as by such will he may appoint.

The decedent died testate on December 23, 1930, leaving surviving him the two children mentioned in the above trust agreement. His will, in paragraph sixteen, directed that the residue of his estate be

placed in trust for the benefit of his children and further provided as follows:

> Upon and after my death the surplus income of the trust fund established by me under an instrument dated October 1, 1919 and the principal fund whenever that would otherwise become payable to my children thereunder, shall be paid over by the trustee thereunder to the trustee under this will, to be held and administered as part of the income and principal respectively of the trust fund established by this item.

The above provision of the will was subsequently modified by codicil thereto providing that the property subject to the trust of October 1, 1919, should be held by trustees for the benefit of the children, in equal shares, but as separate funds, and further that:

> The trustees shall from time to time pay to each child or expend for his or her benefit, so much of the net income of his or her fund as the trustees may deem necessary or expedient during his or her life, and upon the death of either child leaving issue, shall pay to or expend for the benefit of such issue a like part of said net income until the death of both children and thereafter until my youngest surviving grandchild shall attain the age of twenty-one (21) years, when, if there then be surviving issue of both children, the entire principal of both funds (with their accretions and undistributed income if any) shall be divided among my children *per capita* and the issue of deceased grandchildren *per stirpes*, or if there then be surviving issue of but one child, that child's fund shall be divided among his or her children *per capita* and the issue of deceased children *per stirpes*.

> If either of my children shall die without issue then surviving, the entire principal of such deceased child's fund with its accretions and undistributed income shall become part of my residuary estate, to be divided as provided in item 16 of this codicil.

The decedent's will and codicil were duly probated. The corpus of the trust of October 1, 1919, was not included in the Federal estate tax return filed.

The respondent has included the value of the trust corpus, in the amount above set out, in gross estate of the decedent under section 302 (d) of the Revenue Act of 1926. The respondent concedes that the trust was irrevocable, but takes the position that the retained power of the decedent to direct the disposition of the trust property constitutes a power to alter or amend.

The statutory provision cited by the respondent requires the inclusion in gross estate of property transferred in trust by a decedent " where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power * * * to alter, amend, or revoke." Under the trust instrument in this case the trust property would go to the grantor's children if he died intestate. But he reserved the power in the trust instrument to provide by will for the holding of the property upon further trusts " for the benefit of such children or their survivor or issue." The power thus retained was one to change materially the enjoyment of the trust property. The grantor could, and did by his will and codicil, divest the chil-

dren of the remainder interest they would have taken under the trust indenture had he died intestate, and make them life tenants. In this respect the present case differs from that of *Equitable Trust Co. of New York, Administrator of Beresford*, 31 B. T. A. 329, where it was held that under the grantor's retained power she " could not divest the class named as remaindermen but could only designate the proportions in which the members of the class would take." In the instant case, as pointed out above, the grantor could do much more; he could not only change the remainder interests of the children *inter se*, but could entirely divest them of any remainder interest. This was a power to materially change the enjoyment of the property, and as said in *Dort* v. *Helvering*, 69 Fed. (2d) 836, if the trust instrument " contain a right to change the enjoyment, it is within the terms of the act." We are of the opinion that the power retained by the decedent to change the enjoyment of the property comes within the provisions of the statute and the trust property should be included in gross estate. See *Porter* v. *Commissioner*, 288 U. S. 436; *Hoblitzell* v. *United States*, 3 Fed. Supp. 331; *Bank of New York & Trust Co., Administrator*, 20 B. T. A. 677; *H. T. Cook et al., Executors*, 23 B. T. A. 335; affd., 66 Fed. (2d) 995; *Day Kimball et al., Administrators*, 29 B. T. A. 60.

Reviewed by the Board.

*Decision will be entered for the respondent.*

TRAMMELL concurs in the result.

---

MURDOCK, dissenting: A difference between the facts in the present case and the facts in the recent case of *Equitable Trust Co., Administrator of Beresford*, 31 B. T. A. 329, is referred to in the prevailing opinion, but that opinion does not demonstrate that this difference distinguishes the cases. If the thought is that in the present case the remainder interest in the property, after the trust estate for the life of the donor, did not vest in anyone at the time the property was placed in trust, then the value of the property might properly be included in the decedent's gross estate under subdivision (a) of section 302, but not under subdivision (d). If the remainder interest did vest in a class prior to the death of the donor, then the decision in this case conflicts with the decision in the *Beresford* case. In that view, the decedent here did not retain any power to change the enjoyment of that estate through the exercise of a power to alter, amend, or revoke the original instrument by will or otherwise, for, just as in the *Beresford* case, he could not take the estate away from the class in which it vested, but could only fix for the first time the manner in which the members of that class could enjoy the property.

MORRIS, McMAHON, GOODRICH, and LEECH agree with this dissent.