## BROWN v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7532.

Circuit Court of Appeals, Seventh Circuit.
May 16, 1941.

Logan Hay, Albert Schlipf, and Robert W. Williamson, all of Springfield, Ill., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Bureau of Internal Revenue, and Sidney Levy, both of Washington, D. C., for respondent.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This review of a decision of the Board of Tax Appeals questions the validity of a deficiency in a transfer tax assessed against the estate of Milton Hay Brown, deceased. The Commissioner added to the decedent's gross estate as reported by the executrix the stipulated value, $241,808.45, of one-third of his mother's property, all of which became part of a trust estate created December 24, 1923. The Board approved the addition because of Section 302 of the Revenue Act of 1926, Chap. 27, 44 Stat. 9, subparagraph (d), 26 U.S.C.A. Int.Rev. Acts, page 227, which directs that the value of the gross estate shall be determined "by including the value at the time of his death of all property * * * (d) to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power * * * by the decedent * * * to alter, amend, or revoke * * *." The same provisions appear in 401(d) of the Act of 1934, Chap. 277, 48 Stat. 680, 26 U.S.C.A. Int.Rev.Acts, page 759. Petitioner does not deny the applicability of the statute, but insists that respondent, instead of including in the taxable estate one-third of all property of which the decedent's mother died seized, should have taxed only two-ninths thereof.

Decedent's mother died intestate October 20, 1923, leaving surviving her, as her sole statutory distributees, Stuart Brown, her husband, and three children, Milton Hay Brown, the deceased, Christine Brown Penniman and Jane Logan Brown. On December 24, 1923, all four conveyed by warranty deed to trustees all their "interest in and to the entire estate, real, personal and mixed" of which she died seized and possessed. The property thus transferred presents the question in issue, respondent insisting that, by the instrument of conveyance, the decedent transferred one-third of the estate of his mother and petitioner that he conveyed only two-ninths of such property.

The statutes of Illinois covering descent of personal property provide (Smith-Hurd Ill.Rev.Stat.1923, Chap. 39, Sec. 1) that "when there is a * * * surviving husband, and also a child or children or descendants of such child or children of the intestate, the * .* * surviving husband shall receive, as his * * * absolute personal estate, one-third of all the personal estate of the intestate." Under this enactment one-third of all personal property owned by Mrs. Brown at the date of her death passed to and became the property of her husband, and to each of the three children descended one-third of the remainder, that is, two-ninths. The Board was clearly in error in including in Milton Hay Brown's taxable property any more than two-ninths of the personal property.

The question as to the quantum of real estate lodged in the decedent by the death of his mother is not so easy of solution. Under the controlling statute, Smith-Hurd Ill.Rev.Stat.1923, Chap. 39, Sec. 1, now amended, when there is a surviving husband and also child or children, such surviving husband shall "also receive as his * * * absolute estate, in lieu of dower therein, one-third of each parcel of real estate of which the intestate died seized and in which such * * * surviving husband shall waive his or her right of dower. Such waiver may be effected by either or both of the following methods: (a) By filing or recording, within one year after the death of the intestate, in the manner hereinafter provided, an instrument in writing duly signed and acknowledged by the surviving widow or husband expressing his or her intention to waive dower in such real estate; and (b) By failing to file or record within one year after the death of the intestate, in the manner hereinafter provided, an election to take dower in such real estate." Dower is defined by Smith-Hurd Ill.Rev. Stat.1923, Chap. 41, Sec. 1, page 748, as follows: "The estate of curtesy is hereby abolished, and the surviving husband * * * shall be endowed of the third part of all the lands whereof the deceased * * * wife was seized of an estate of inheritance, at any time during the marriage, unless the same shall have been relinquished in legal form."

Concerning these statutory provisions, the Supreme Court of Illinois, in Steinhagen v. Trull, 320 Ill. 382, at pages 387, 388, 151 N.E. 250, at page 252, said: "The right of dower is not changed * * *, though the manner of its assertion and the method in which it may be waived are affected. * * * The amendment confers upon the widow the right to receive as 'her absolute estate, in lieu of dower therein, one-third of each parcel of which the intestate died seized and in which such widow * * * shall waive * * * her right of dower.' The waiver of the right of

[redacted]

dower is therefore a condition precedent to the right of the widow to claim one-third of the real estate in fee, and in order to establish her right a waiver of dower in one of the manners provided by the statute must be alleged and proved. The bill contained no allegation of a waiver, and no evidence of a waiver was produced. The complainants therefore failed to establish that the widow was entitled to one-third of the real estate and the heirs to one-ninth each, and the decree was for that reason erroneous." Later the court reaffirmed this interpretation in Braidwood v. Charles, 327 Ill. 500, at page 507, 159 N.E. 38, at page 41, saying: "The waiver of the right of dower is a condition precedent to the right of the widow or surviving husband to claim one-third of the real estate in fee. * * * The surviving husband upon his wife's death took only a right of dower, and not an interest in fee in his deceased wife's real estate. The statute gave him the right to renounce his dower for an ampler estate, but until he exercised that right by either or both of the methods prescribed he merely retained his dower and did not acquire an interest in fee simple. By his death * * *, without exercising his election, his right of dower, which was for life only, was extinguished, and his right of election necessarily terminated at the same time." To the same effect are Stelling v. Stelling, 330 Ill. 155, 161 N.E. 477; Wilson v. Hilligoss, 278 Ill.App. 564.

[redacted] Under these decisions the decedent inherited from his mother, one-third of her real estate in fee simple, subject, however, to his father's life estate in one-ninth of the same, and subject also to the power of the father, by virtue of the statute, to take within a year as his own, the same one-ninth in fee simple. Stuart Brown by the death of his wife, took two legal interests,—first, dower, that is, one-third of the real estate of his wife for life and, second, power to vest himself with title in fee simple to the same one-third. His statutory estate was that of dower but coupled with it was the right to take a fee simple upon performing the condition precedent of waiving dower. This power of control over the entire one-third of the estate under the statute remained with him until his death. By the latter event it came to an end. Consequently the estate which the decedent received, namely, one-third of the real estate, was subject, at the time of his transfer, to a life estate in his father in one-third thereof and to the power in the father to take a fee simple by waiver of dower. Until this right of his father expired, the one-third which he inherited was not his to do with as he liked but was subjected to and incumbered with the father's estate of dower and power to take one-third in fee.

The decedent was clearly within the language of the opinion in Frederick Foster et al., Executors v. Com'r, 31 B.T.A. 769, 771, where the Board taxed the property transferred to a trust as the estate of the transferor, as follows: "We are of the opinion that the power retained by the decedent to change the enjoyment of the property *comes within the provisions of the statute* and the trust property should be included in gross estate." So, one-third of the real estate descending from Mrs. Brown, was *wholly within control of her husband until* his death. His status as a taxpayer was within the reasoning of Mr. Justice Holmes in Corliss v. Bowers, Collector, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916, when he said: "The acquisition by the wife of the income became complete only when the plaintiff failed to exercise the power that he reserved. * * * The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not"; and of Reinecke, Collector, v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397, holding that an owner of power over property is to be considered as the owner of the economic interest affected by the power and that the property thus affected by the power should be included in his estate for purposes of the federal estate tax. In Burnet v. Guggenheim, 288 U.S. 280, at page 284, 53 S.Ct. 369, at page 370, 77 L.Ed. 748, Mr. Justice Cardozo, discussing the effect of retention of control over property transferred said: "While the powers of revocation stood uncanceled in the deeds, the gifts, from the point of view of substance, were inchoate and imperfect. * * * By the execution of deeds and the creation of trusts, the settlor did indeed succeed in divesting himself of title and transferring it to others. * * * but the substance of his dominion was the same as if these forms had been omitted * * *. He was free at any moment, with reason or without, to revest title in himself." To the same effect are Sanford's Estate v. Commissioner of Internal Revenue, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20

[redacted]

986

and Chase National Bank v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388.

Milton Hay Brown at the time of his transfer to the trust had no dominion or control of the one-third of his mother's estate which by the statute of Illinois was subject to disposition by his father. He acquired control only when his father died and by virtue of such event. Prior thereto, he could not dispose of such part of the real estate or collect the income from it. Power to control it rested, at the time of the transfer to the trust, solely in his father; not in him.

It matters not that when Milton Hay Brown died later his title had vested also to that part of the estate which his father inherited from his mother. His title thereto grew out of his father's death, after he had completed the transfer here involved and out of the father's failure to exercise his power over the same. His estate is to be taxed in this proceeding with what he inherited from his mother and transferred to the trustees and not with what he later took as a result of the failure of his father to exercise power over one-third of the real estate. The latter property the statute in question does not now touch, however effective it might have been, under the reasoning of the cases cited, to require its inclusion in Stuart Brown's taxable estate. Enlightening in this respect is the language of Mr. Justice Stone in Chase Nat. Bank v. United States, 278 U.S. 327, at page 338, 49 S.Ct. 126, at page 129, 73 L.Ed. 405, 63 A.L.R. 388: "Termination of the power of control at the time of death inures to the benefit of him who owns the property subject to the power and thus brings about, at death, the completion of that shifting of the economic benefits of property which is the real subject of the tax, just as effectively as would its exercise, which latter may be subjected to a privilege tax, Chanler v. Kelsey, 205 U.S. 466, 27 S.Ct. 550, 51 L.Ed. 882. 'To make a distinction between a general power and a limitation in fee is to grasp at a shadow while the substance escapes.' * * * And the nonexercise of the power may be as much a disposition of property testamentary in nature as would be its exercise at death, Bullen v. Wisconsin, 240 U.S. 625, 36 S.Ct. 473, 60 L.Ed. 830; cf. United States v. Robbins, 269 U.S. 315, 327, 46 S.Ct. 148, 70 L.Ed. 285; Cohen v. Samuels, supra [245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143]."

What is to be taxed here is what the decedent transferred. Though the value thereof to be assessed is that prevailing at his death, it is the estate transferred, not the estate vested in him at his death, the value of which is to be determined.

The decision of the Board is reversed with directions to proceed in accord with this opinion.