MARY STEINHAGEN *et al.* Appellees, *vs.* BERTHA TRULL *et al.* Appellants.

*Opinion filed February 18, 1926—Rehearing denied April 8, 1926.*

1. PRACTICE—*judgment or decree may be modified after term with consent of parties.* As a general rule, a court has no jurisdiction to set aside, modify or change its judgment or decree after the expiration of the term at which it was rendered, but this may be done at a subsequent term with the consent of all the parties.

2. DOWER—*dower is a common law right extended by statute.* The right of dower is derived from the common law, but the statute in relation to dower has recognized and extended the right.

3. SAME—*inchoate right of dower may be modified or abolished by legislature.* The inchoate right of dower which a wife has in her husband's real estate in his lifetime, or a husband in his wife's real estate in her lifetime, is not a vested interest but is a mere expectation of property in the future, and it may be changed, modified or abolished by legislative action. (*Russell* v. *Rumsey,* 35 Ill. 362, overruled.)

4. DESCENT—*act of 1923 providing for waiver of dower is not invalid as being amendatory of Dower act.* The act of 1923 giving a widow or surviving husband one-third of the real estate in fee upon waiver of the right of dower amends the Statute of Descent and is complete in itself as to the subject with which it deals, and it is not invalid as amending by reference, only, the act in relation to dower.

5. SAME—*rules of descent may be changed by legislature.* The rules of descent and the right to devise property, as well as the method of conveying and the manner of creating estates, are purely statutory and may be changed by the legislature in its discretion, and the changes so effected operate instantly upon all estates which may subsequently descend, be devised or conveyed.

6. SAME—*waiver of dower must be alleged and proved to entitle widow to one-third in fee under act of 1923.* The waiver of the right of dower is a condition precedent to the right of a widow to claim one-third of the real estate in fee under the act of 1923, and in order to establish her right a waiver of dower in some manner provided by the statute must be alleged and proved.

7. STATUTES—*when an act is not invalid as being amendatory.* The incidental modification of existing laws by an act complete in itself does not violate section 13 of article 4 of the constitution.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

PAUL R. WICK, (WILLIAM T. PRIDMORE, of counsel,) for appellants.

RATHJE & CONNOR, (OLIVER B. OPSAHL, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

A bill for the partition of the real estate of which Christoph Steinhagen was seized at the time of his death, intestate, on February 1, 1924, was filed in the circuit court of Cook county by his widow and three of his six children, who were his heirs, against the other three children, averring, as it was later amended, that the widow was entitled to an undivided one-third interest in fee and a homestead in the premises and each of the children to an undivided one-ninth interest, subject to the widow's homestead. The bill contained no allegation that the widow either had or had not waived her dower. The answer admitted that the six children each owned one-ninth of the property, but averred that unless dower had been waived by the widow each was the owner of an undivided one-sixth, and called for strict proof of such waiver. The cause was referred to a master, who made a report finding the facts as alleged in the bill and recommending a partition as prayed. Objections were made to the report, which the master overruled,

and on June 13, 1925, the court entered a decree of partition, reciting that no exceptions were filed to the master's report. On June 30, which was after the expiration of the term at which this decree was rendered, the decree, on the motion of the solicitors of all parties, was vacated and an amended decree was entered showing that exceptions were taken to the master's report, which were heard by the court and overruled and the decree of partition entered. The defendants appealed, and contend that the court had no jurisdiction to vacate the decree and enter a new decree of partition after the expiration of the term at which the original decree of partition was made.

The general rule is that a court has no jurisdiction to set aside, modify or change its judgment after the expiration of the term at which it was rendered, but we have held that this may be done at a subsequent term when all the parties to the suit consent to it. *Humphreyville* v. *Culver & Co.* 73 Ill. 485; *Gage* v. *City of Chicago,* 141 id. 642; *Sheridan* v. *City of Chicago,* 175 id. 421; *Hansmeyer* v. *Indian Creek Drainage District,* 284 id. 458.

Until July 1, 1923, the Statute of Descent provided:

"Sec. 1. That estates, both real and personal, of residents and non-resident proprietors in this State dying intestate, or whose estates or any part thereof shall be deemed and taken as intestate estate, after all just debts and claims against such estates are fully paid, shall descend to and be distributed in manner following, to-wit:

"*First*—To his or her children and their descendants, in equal parts; the descendants of the deceased child or grandchild taking the share of their deceased parents in equal parts among them. * * *

"*Fourth*—When there is a widow or a surviving husband, and also a child or children or descendants of such child or children of the intestate, the widow or surviving husband shall receive, as his or her absolute personal estate, one-third of all the personal estate of the intestate."

This statute was amended by an act of the legislature which became effective July 1, 1923, so that the fourth paragraph quoted above should read as follows:

"*Fourth*—When there is a widow or a surviving husband, and also a child or children or descendants of such child or children of the intestate, the widow or surviving husband shall receive, as his or her absolute personal estate, one-third of all the personal estate of the intestate; and he or she shall also receive as his or her absolute estate, in lieu of dower therein, one-third of each parcel of real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower. Such waiver may be effected by either or both of the following methods:

"(*a*) By filing or recording, within one year after the death of the intestate, in the manner hereinafter provided, an instrument in writing duly signed and acknowledged by the surviving widow or husband expressing his or her intention to waive dower in such real estate; and

"(*b*) By failing to file or record within one year after the death of the intestate, in the manner hereinafter provided, an election to take dower in such real estate.

"Such election to take dower in such real estate shall be by instrument in writing duly signed and acknowledged by the widow or surviving husband, which shall state in substance that he or she elects to take dower in such real estate instead of an absolute one-third thereof. Except as hereinafter provided as to registered real estate, each of said instruments shall be effective as to all real estate of which intestate died seized, lying in the county in which it is filed or recorded, but shall not be effective for any purpose as to any other real estate.

"Each such instrument whether electing to take or waive dower, shall be filed in the office of the recorder of deeds of the county in which the real estate sought to be affected lies, except that where the title to such real estate is regis-

320—25

tered under the provisions of 'An act concerning land titles,' approved May 1, 1897, such instrument shall be filed in the office of the registrar of titles of the county in which such registered real estate lies, and shall, by legal description, specifically describe such registered real estate, and shall be entered as a memorial on each folium of the register of titles relating to the title of such registered real estate, or any part thereof, and shall affect no other registered real estate not so specifically described and no non-registered real estate.

"No such instrument whether electing to take or waive dower shall be of any effect unless filed or recorded within the time, in the manner, and in the office herein provided.

"Nothing herein provided shall bar the right of any widow or surviving husband to dower existing at the date of death of the intestate, in real estate of which the intestate did not die seized." (Laws of 1923, p. 325.)

The appellants contend that this amendment is unconstitutional and violates section 2 of the bill of rights by depriving the surviving spouse of a person dying intestate, leaving descendants, of a property right,—the right of dower,—without due process of law. The right of dower in this State is derived from the common law and not the statute, though the statute in relation to dower has recognized and extended the right. (*Sisk* v. *Smith,* 1 Gilm. 503.) The inchoate right of dower which a wife has in her husband's real estate in his lifetime, or a husband has in his wife's real estate in her lifetime, is not a vested interest but is a mere expectation of property in the future, and may be changed, modified or abolished by legislative action. (*McNeer* v. *McNeer,* 142 Ill. 388; *Goodkind* v. *Bartlett,* 136 id. 18; *Henson* v. *Moore,* 104 id. 403.) The case of *Russell* v. *Rumsey,* 35 Ill. 362, which holds that the inchoate right of dower of a wife is a vested estate, has been overruled by the later cases above cited.

Even if the legislature has power to change, modify or abolish the right of dower, it is contended that the amendment is unconstitutional because, in violation of section 13 of article 4 of the constitution, it attempts to amend section 1 of the act in relation to dower by reference, only, without inserting the section of the Dower act amended at length in the new act. The right of dower is not changed by the amendment in question, though the manner of its assertion and the method in which it may be waived are affected by the amendment. The spouse entitled to dower is required, within one year of the death of one intestate, to elect between the right to take dower in the real estate and the right to receive one-third of the real estate of which the intestate died seized in fee. This election may be indicated expressly by filing a written waiver of dower or impliedly by failing to file an election to take dower in such real estate. The regulation of the descent of property and of the right to devise property as well as the method of conveying and the manner of creating estates and the character and quality of estates created, is purely statutory and entirely within the control of the legislature. (*Ramsay* v. *VanMeter,* 300 Ill. 193; *Prall* v. *Burckhartt,* 299 id. 19; *Sturgis* v. *Ewing,* 18 id. 176.) Being wholly statutory the rules of descent may be changed by the legislature in its discretion, and conditions or burdens may be imposed upon the right of succession. (*Kochersperger* v. *Drake,* 167 Ill. 122.) The changes so effected by the legislature operate instantly upon all estates which may subsequently descend. (*Wunderle* v. *Wunderle,* 144 Ill. 40.) The act directing the distribution of the property of a person dying intestate under the conditions mentioned in paragraph 4 of the amendment was within the legislative power. The subject of the amendatory act was the descent of intestate estates. The statute as amended was an independent act of legislation, complete in itself, dealing with the subject of the descent of property, as indicated by the title. Any provision

germane to that subject was properly included in the act and was within the title. (*Burke* v. *Monroe County, 77* Ill. 610; *People* v. *Nelson,* 133 id. 565; *People* v. *McBride,* 234 id. 146.) The act does not purport to amend the act in relation to dower but is an independent act, complete in itself as to the subject with which it deals, and was therefore not within the mischief intended to be remedied by the constitutional prohibition in question. It has been decided many times that the incidental modification of existing laws by an act complete in itself does not violate section 13 of article 4 of the constitution. *People* v. *Wright,* 70 Ill. 388; *School Directors* v. *School Directors,* 135 id. 464; *People* v. *Crossley,* 261 id. 78; *People* v. *Chicago and Eastern Illinois Railway Co.* 306 id. 402.

The amendment confers upon the widow the right to receive as "her absolute estate, in lieu of dower therein, one-third of each parcel of real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower." The waiver of the right of dower is therefore a condition precedent to the right of the widow to claim one-third of the real estate in fee, and in order to establish her right a waiver of dower in one of the manners provided by the statute must be alleged and proved. The bill contained no allegation of a waiver and no evidence of a waiver was produced. The complainants therefore failed to establish that the widow was entitled to one-third of the real estate and the heirs to one-ninth each, and the decree was for that reason erroneous.

The decree will be reversed and the cause remanded to the circuit court, with directions to permit an amendment of the bill if a motion is made for that purpose and to hear the cause on such evidence as may be produced, or, if no such motion is made, to enter a decree of partition finding the widow entitled to dower and the heirs each to a one-sixth interest in the premises, subject to dower.

*Reversed and remanded, with directions.*