(No. 17845.—Decree affirmed.)
MARGARET BRAIDWOOD, Appellee, *vs.* ROY CHARLES *et al.*— (HAROLD G. MILHAM, Appellant.)

*Opinion filed October 22, 1927—Rehearing denied Dec. 13, 1927.*

1. TRUSTS—*when Statute of Frauds applies.* Where an owner of property voluntarily conveys to a grantee, who, in turn, conveys to others, a claim that the original conveyance was in trust by virtue of an oral agreement to convey to other parties than those to whom the second conveyance was made cannot be successfully maintained, as the trust, if any was created, must have been an express trust, where no fraud or imposition induced the original conveyance, and the Statute of Frauds requires such trust to be in writing.

2. DESCENT—*waiver of dower is a condition precedent to the right to one-third in fee.* The waiver of the right of dower is a condition precedent to the right of the widow or surviving husband to claim one-third of the real estate in fee under the amendment of 1923, and where the surviving husband dies within one year after the wife's death without having waived dower by either method prescribed by statute the right to claim one-third of the real estate is extinguished, as the right of waiver cannot descend to his heirs.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

ADOLPH H. EASTER, for appellant.

BOYLE & MOTT, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The superior court of Cook county sustained the general and special demurrer of Margaret Braidwood, the appellee, to the cross-bill of Harold G. Milham, the appellant, by which he sought a decree (*a*) declaring that Henry Welsch acquired title to three parcels of real estate in trust to convey them to Mathias H. Milham, Mrs. Braidwood and Roy Charles in equal parts; (*b*) setting aside the deeds by which the real estate was conveyed to Welsch, as well as the deeds by which he conveyed one parcel to Mrs. Braidwood and the others to Roy Charles; (*c*) removing all of the deeds as clouds on the cross-complainant's title; and (*d*) for partition of the lands. The cross-bill was dismissed for want of equity at the cross-complainant's costs, and he prosecutes this appeal.

The original bill of complaint was filed by Margaret Braidwood, and in it the following facts are alleged: Effie F. Milham, the mother of the complainant, owned a parcel of real estate consisting of two lots in Cook county, and with her husband, Mathias H. Milham, conveyed the lots by warranty deed to Henry Welsch under an agreement that he would convey them to the complainant. Welsch conveyed the lots to the complainant by warranty deed dated January 29, 1925, and recorded April 2, 1925. Mrs. Milham died intestate on February 4, 1925, leaving as her only heirs the complainant, her daughter, and Roy Charles, her son. On May 15, 1925, Charles filed for record an affidavit in which he set forth that the two deeds of conveyance under which the complainant claimed title to the lots had not been delivered prior to the death of Mrs. Milham and had been obtained by misrepresentation. The bill charges that

the affidavit is false; that the deed to Welsch was delivered prior to the death of Mrs. Milham and that both deeds were executed and delivered without misrepresentation; that Charles has no interest in the property and that his affidavit constitutes a cloud upon the complainant's title. Charles, and Loretta, his wife, and John B. Anderson, a lien claimant, were made defendants to the bill. The prayer of the bill was for the cancellation of the affidavit as a cloud upon the complainant's title and the confirmation of the title in her, free from any claims of Charles and his wife.

Upon petition, Harold G. Milham, the appellant, became a defendant to the original bill and filed an answer thereto. Subsequently, by order, he was given leave to file a cross-bill, which contains the following allegations: When Effie F. Milham died, February 4, 1925, she owned in fee not only the two lots described in the original bill but also two additional parcels of real estate, one situated in DuPage county, Illinois, and the other in Allegan county, Michigan. On or about January 28, 1925, she called Daniel Henrici, of the firm of Henrici & Welsch, real estate brokers, to draw her last will and testament. Henrici, observing her fatal condition, suggested that she execute deeds instead of a will. She adopted his suggestion and instructed him to draw certain deeds whereby she would convey her real property to Henry Welsch, a bachelor, who was Henrici's partner, with the express provision that Welsch should convey it to Mathias H. Milham, her husband, Mrs. Braidwood, her daughter, and Roy Charles, her son, in equal shares or portions. Welsch prepared, and Mrs. Milham executed, three deeds, all dated January 28, 1925, by which she conveyed her real property to Welsch, and the deeds were filed for record after her death. None of these deeds made mention of the trust under which Welsch acquired title, but, contrary thereto, by deed dated January 28, 1925, he conveyed the lots described in the original bill to Mrs. Braidwood, the complainant, and by two other deeds dated

the same day he conveyed the real estate in DuPage county, Illinois, and Allegan county, Michigan, to Charles. These deeds were subsequently filed for record. Both grantees had complete knowledge of the terms and conditions of the trust imposed upon Welsch at the time the deeds to him were executed. Mrs. Milham died intestate on February 4, 1925. She was married twice—once to Roy Charles, who died before her death. Two children, Margaret Braidwood and Roy Charles, were born of that marriage. Her second marriage was to Mathias H. Milham, the father of the cross-complainant by a former marriage. Mrs. Milham left surviving as her only heirs, Mathias H. Milham, her husband, Mrs. Braidwood, her daughter, and Roy Charles, her son. Upon the death of Mrs. Milham her surviving husband inherited one-third of her personal property absolutely and in lieu of dower one-third of each parcel of real estate of which she died seized. Milham died intestate on February 12, 1925, leaving the cross-complainant as his sole heir-at-law. The cross-complainant, in consequence, acquired by descent his father's undivided one-third of the real estate left by Mrs. Milham, and Mrs. Braidwood, Charles and the cross-complainant are vested with the title in fee simple to the real property in question, each owning an undivided one-third thereof. The cross-bill charges that the deeds from Mrs. Milham, as well as those executed by Welsch, were procured by fraudulent means, for the sole purpose of defrauding the cross-complainant and of depriving him of his rights in the property; that the deeds were made without consideration and were never delivered, and that they should be declared to be void and removed as clouds upon the cross-complainant's title.

Margaret Braidwood filed a general and special demurrer to the cross-bill. Roy Charles and Loretta Charles answered both the original bill and the cross-bill. In their answer to the former they denied that Mrs. Braidwood was the owner of the two lots in Cook county and averred that

Effie F. Milham conveyed her real estate to Welsch in trust to convey it to Mathias H. Milham, her husband, Mrs. Braidwood, her daughter, and Roy Charles, her son, in equal parts. By the other answer they admitted the allegations of the cross-bill except that they denied that Charles had any knowledge of the existence of the deeds in question prior to August 15, 1925. John B. Anderson filed answers to the bill and the cross-bill.

Appellant makes certain contentions of a general nature which have no relevancy to this controversy and which for that reason need not be considered. The two contentions upon which he relies for a reversal of the decree are: First, that by the deeds from Effie F. Milham to Henry Welsch a trust was created, under which appellant's father became a beneficiary to the extent of an undivided one-third interest in fee simple in the three parcels of real estate, which interest by his father's subsequent death descended to appellant as his father's sole heir; and second, that in any event, by section 1 of the Descent act, as amended in 1923, appellant's father became vested, upon the death of his wife, with an undivided one-third in fee of the real estate of which she died seized, which share or interest likewise descended to appellant, as the only heir of his father, upon the latter's death.

In the cross-bill it is alleged that Effie F. Milham conveyed her real estate to Henry Welsch in trust to convey it to her surviving husband, son and daughter in equal portions, and that, contrary to or in violation of the trust, Welsch conveyed one parcel, consisting of two lots, to the daughter and the rest to the son. The deeds to Welsch, it is alleged, made no mention of the trust under which he acquired title. Whatever trust relation existed between the grantor and the grantee, if any, depended upon the force and effect of an oral understanding or agreement between them. Section 9 of the act entitled, "An act to revise the law in relation to frauds and perjuries," (Smith's Stat.

1923, p. 1083,) provides: "All declarations or creations of trusts or confidences of any lands, tenements or hereditaments, shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing; or else they shall be utterly void and of no effect: *Provided,* that resulting trust or trusts created by construction, implication or operation of law, need not be in writing, and the same may be proved by parol." It is not claimed that the transaction of which complaint is made gave rise to any such trust as is mentioned in the proviso to section 9. No fact is stated in the cross-bill from which fraud in obtaining the execution of the deeds by Mrs. Milham can be imputed to Welsch. On the contrary, it appears from the allegations of that bill that she voluntarily conveyed her real estate to him and that he neither solicited the conveyances nor resorted to any fraudulent means to procure them. Even if Welsch failed to make the conveyances as orally agreed, a court of equity will not, under the circumstances, disregard the Statute of Frauds. In *Lantry* v. *Lantry,* 51 Ill. 458, the rule applicable to a transaction of this character is clearly stated (p. 465): "If A voluntarily conveys land to B, the latter having taken no measures to procure the conveyance but accepting it and verbally promising to hold the property in trust for C, the case falls within the statute, and chancery will not enforce the parol promise. But if A was intending to convey the land directly to C, and B interposed and advised A not to convey directly to C but to convey to him, promising if A would do so, he, B, would hold the land in trust for C, chancery will lend its aid to enforce the trust upon the ground that B obtained the title by fraud and imposition upon A." Nothing is alleged in the cross-bill which can take the instant transaction out of the operation of the Statute of Frauds. The trust, if any, was express, and was void under that statute because it was not proved or manifested

by some writing signed by the party who was enabled to declare the trust. (*Biggins* v. *Biggins,* 133 Ill. 211; *Mayfield* v. *Forsyth,* 164 id. 32; *Monson* v. *Hutchin,* 194 id. 431; *Ryder* v. *Ryder,* 244 id. 297; *Evans* v. *Moore,* 247 id. 60.) Appellant's first contention, therefore, fails.

In support of the contention that his father became vested, upon the death of the latter's wife, not with the right of dower but with an undivided one-third of her real estate in fee, the appellant invokes section 1 of the act entitled, "An act in regard to the descent of property," as amended by act approved June 30, 1923. (Smith's Stat. 1923, p. 744.) That section as so amended and as it stood until July 1, 1925, reads, in part, as follows:

"Sec. 1. That estates, both real and personal, of residents and non-resident proprietors in this State dying intestate, or whose estates or any part thereof shall be deemed and taken as intestate estate, after all just debts and claims against such estate are fully paid, shall descend to and be distributed in manner following, to-wit:

"First: To his or her children and their descendants, in equal parts; the descendants of the deceased child or grandchild taking the share of their deceased parents in equal parts among them. * * *

"Fourth: When there is a widow or a surviving husband, and also a child or children or descendants of such child or children of the intestate, the widow or surviving husband shall receive, as his or her absolute personal estate, one-third of all the personal estate of the intestate; and he or she shall also receive as his or her absolute estate, in lieu of dower therein, one-third of each parcel of real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower. Such waiver may be effected by either or both of the following methods:

"(*a*) By filing or recording, within one year after the death of the intestate, in the manner hereinafter provided,

an instrument in writing duly signed and acknowledged by the surviving widow or husband expressing his or her intention to waive dower in such real estate; and

"(*b*) By failing to file or record within one year after the death of the intestate, in the manner hereinafter provided, an election to take dower in such real estate."

The waiver of the right of dower is a condition precedent to the right of the widow or surviving husband to claim one-third of the real estate in fee, and in order to establish her or his right to the interest in fee a waiver of dower in a manner provided by the statute must be alleged and proved. (*Steinhagen* v. *Trull*, 320 Ill. 382.) The cross-bill in the present suit alleges no waiver by appellant's father of his right of dower, but, on the contrary, states that by the death of Mrs. Milham her surviving husband became vested in fee, in lieu of dower, of an undivided one-third of each parcel of real estate of which she died seized. The surviving husband upon his wife's death took only a right of dower and not an interest in fee in his deceased wife's real estate. The statute gave him the right to renounce his dower for an ampler estate, but until he exercised that right by either or both of the methods prescribed he merely retained his dower and did not acquire an interest in fee simple. By his death eight days after the death of his wife without exercising his election his right of dower, which was for life, only, was extinguished, and his right of election necessarily terminated at the same time. A life estate is not inheritable, hence the appellant, so far as any interest in the real estate which Mrs. Milham owned is concerned, inherited nothing from his father. Appellant cannot revive an extinct life estate, convert it into a fee simple interest and inherit the latter.

The decree is affirmed.

*Decree affirmed.*