**F. L. Wilson, Appellant, v. Robert Morris Hilligoss et al., Appellees.**

**Gen. No. 8,872.**

Opinion filed January 14, 1935.

WARD & PUGH, of Shelbyville, for appellant.

W. H. CRAIG and GEO. B. RHOADS, both of Shelbyville, for certain appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

A bill was filed in the circuit court of Shelby county by appellant, F. L. Wilson, for the partition of certain real estate, and a decree for partition and sale was entered and the land was sold to C. M. Boling. The report of sale, made by the master in chancery, was confirmed and a deed delivered to said purchaser. The purchaser filed a petition in said court praying that the court direct the return of his money by the master in chancery and for a cancellation of said deed, and that the sale and decree leading up thereto should be held for naught. Upon a hearing the court ordered that said sale be set aside and the order approving the same be vacated and that the deed be canceled and held for naught, and that the master return to said C. M. Boling the checks tendered by him in payment for said premises. This appeal is from the decree setting aside said sale.

The bill for partition was filed to the June term, A. D. 1933, of said circuit court, and appellant was sole complainant and Robert M. Hilligoss and his minor son, Warren W. Hilligoss, were defendants.

The bill was filed for the partition of real estate that was owned by Olive F. Hilligoss in her lifetime, she having died intestate on February 12, 1930, leaving her husband and minor son as her sole and only heirs at law.

The bill alleges that Robert M. Hilligoss, husband of the deceased, never at any time elected to take dower in said real estate as surviving husband of said Olive F. Hilligoss, deceased, but did on May 7, 1932, convey and quitclaim, for a valuable consideration, to the complainant all of his right, title and interest in said real estate, to wit: an undivided one-third interest therein; that by the death of said Olive F. Hilligoss said Warren W. Hilligoss became seized of an undivided two-thirds interest in said described premises; and that by failure to elect dower, as is provided by statute, the said Robert M. Hilligoss became seized of an undivided one-third interest therein, and that by the conveyance of such interest by said Robert M. Hilligoss the complainant became seized of an undivided one-third interest therein, as tenant in common with said Warren W. Hilligoss. A guardian *ad litem* was appointed for the infant defendant, Warren W. Hilligoss, who filed an answer. The other defendants were defaulted. The case was referred to the master in chancery to take and report the testimony to the court. A decree for partition was entered in which there was a finding that the surviving husband of the deceased, by quitclaim deed, conveyed to the complainant all his right, title and interest in and to said real estate, and being a one-third interest therein; that the husband never at any time elected to take dower as provided by statute, but did, by virtue of said conveyance, elect to take one-third interest in said real estate in fee simple in lieu of dower; that by virtue thereof appellant is entitled to a one-third part of said premises in fee simple and the minor son a two-thirds part thereof as tenants in common.

The property was offered for sale twice by the master in chancery. Robert M. Hilligoss was the first purchaser, but he failed to comply with the terms of sale and the same was again offered for sale and appellee, C. M. Boling, was the purchaser for the sum of $2,200, and the sale was approved and the purchaser received a master's deed for the premises, which is dated September 4, 1933. On September 9, and during the same term of court, Boling filed a petition to set aside the sale and for a refund of the money paid to the master and asked to have the decree confirming the sale set aside. The petition alleged that administration was never had on the estate of Olive F. Hilligoss, and that no election by Robert M. Hilligoss, her husband, could be made until administration was had upon the estate of the deceased, the year for election not having begun, and that the quitclaim deed made to appellant was made prior to the beginning of said year and before any election had been or could be made, and it was made to a stranger to the title and would not bar any inchoate right of dower, and, therefore, no title passed to appellant by reason of said deed and that appellant had no interest authorizing him to bring a partition suit.

Wherefore the petitioner says, in bidding at said sale, he parted with his money under a void decree; his money was taken without his receiving anything therefor and contrary to equity and good conscience and good faith.

Appellant filed a general and special demurrer to the petition, which was overruled by the court. Upon a hearing of said cause upon the petition taken as confessed as to said respondent, F. L. Wilson, and the answer of the guardian *ad litem* for said infant defendant, Warren W. Hilligoss, and said Robert M. Hilligoss appearing by his solicitor and said F. L. Wilson also appearing by his solicitors and the master

in chancery, J. C. Willard, being personally present in open court, the court found that it had jurisdiction of the parties and the subject matter of the proceeding; that the allegations of the petition as amended are true; that Olive F. Hilligoss died intestate on February 12, 1930, leaving her surviving her husband, Robert M. Hilligoss, and her minor son, Warren W. Hilligoss, her only child and only heir at law; that no administration has ever been had upon her estate; that on May 7, 1932, her surviving husband, Robert M. Hilligoss, made, executed and delivered to the respondent, F. L. Wilson, his quitclaim deed by which he quitclaimed to said F. L. Wilson his interest in the premises in controversy; that thereupon said F. L. Wilson instituted this partition suit which passed to a decree of sale and that at said sale the petitioner, C. M. Boling, became the purchaser of said premises; that the master's report of sale was approved and the master issued to said Boling his deed and in payment for said premises said petitioner, C. M. Boling, made and delivered to said master his checks in payment of the purchase price; that said checks have not been cashed by the master but are held by him awaiting the order of the court in this proceeding; that the deed delivered by the master has never been placed of record by the petitioner, and in this proceeding said petitioner tenders back said deed for cancellation and requests the court to enter an order herein directing the master to deliver to him his checks which the master now holds and which the petitioner delivered to the master in payment of the purchase price for the premises. The court further found that by the execution and delivery of said quitclaim deed by the said Robert M. Hilligoss, on May 7, 1932, to F. L. Wilson, he obtained no title to said premises on which to base the partition suit and, therefore, the petitioner, C. M. Boling, is entitled to the relief prayed. The decree granted the prayer

of the petition and set aside the order approving the sale and canceled the master's deed and directed the master to return to the purchaser the checks and payments made for the premises.

As grounds for a reversal of said decree appellant maintains that the court erred in refusing to sustain his demurrer to the petition; that the court erred in decreeing that the sale made by the master be set aside, and in decreeing that the deed executed by the master in chancery be canceled and the master directed to return to the purchaser the checks tendered in payment of the premises.

It is claimed by appellant that the only contention raised by the petition, filed by the purchaser at the master's sale of the real estate in question, is that no letters of administration having issued in the estate of Olive F. Hilligoss, her husband could not waive dower or elect to take one-third in fee in the real estate sought to be partitioned, the petition, alleging, "the husband can make no election until administration is had upon the estate of the deceased, the year for election not having begun," and stating that there can be no question as to the law, as it has been definitely decided by the Supreme Court in the recent case of *Gruner v. Rice,* 333 Ill. 112, that waiver and election can be made where no letters of administration had ever issued.

It is true that one of the reasons assigned by appellee why F. L. Wilson, the complainant, had no interest in the real estate sought to be partitioned was that no letters of administration having issued in the estate of Olive F. Hilligoss, her husband could not waive dower or elect to take one-third in fee in the estate sought to be partitioned, and it is also true that the right of a surviving spouse to waive dower in the real estate of which the husband or wife died seized, and elect to take in lieu thereof one-third of the real estate in fee, cannot be made to depend upon letters of ad-

ministration being issued on the intestate estate; however, other reasons are alleged in the petition why the relief prayed for should be granted. The petition alleges that F. L. Wilson, the sole complainant in this cause, at the time he filed the bill herein, and continuously thence hitherto, had no interest in said real estate, and then stating reasons in support of such allegation, and also that Robert M. Hilligoss has made no election under the statute in such case made and provided, and can make no election, then stating why he had not and could not make an election, and that the quitclaim deed was made to a stranger to the title and would not bar any inchoate right of dower and, therefore, said Robert M. Hilligoss in making said conveyance passed no title and said F. L. Wilson took no title, and when he brought this partition suit he had no interest authorizing him to bring said partition suit, or apply to the court for relief in said premises, which matters make the decree of partition and the decree of sale following it null and void.

It is also contended that the question of title to the real estate partitioned in this suit was settled and determined by the decree of partition, and that it was final in reference to the title, and the matters therein judicially determined cannot be questioned or readjudicated by appeal from a decree of sale, much less by a petition of the purchaser to set aside the sale held under the decree of sale. While it is true that the decree for partition cannot be reviewed on appeal from a decree of sale, and that appeal must be taken from a decree of partition, if that is questioned, yet the decree for partition, the decree for sale, the order approving the sale and the petition of C. M. Boling, the purchaser, were all had and filed at the same term of court. All of the proceedings in this case except the appeal took place prior to the time the Civil Practice Act, Cahill's St. ch. 110, ¶ 129 *et seq.*, became effective.

A term of court, although continuing for weeks or months, is regarded by the law as but a single day, or unit of time, and during the term at which a judgment or decree is entered the record remains in the breast of the court, and the court may, at any time during the term, amend it or set it aside on its own motion, or for good cause shown, as justice and the right of the case may seem to require. *Krieger v. Krieger,* 221 Ill. 479; *Bushnell v. Cooper,* 289 Ill. 260.

Dower at common law is an estate for life of the widow in all lands in which the husband was seized in fee during marriage. The right of dower in this State is derived from the common law and not the statute, though the statute in relation to dower has recognized and extended the right. *Steinhagen v. Trull,* 320 Ill. 382. Our statute in relation to dower extends the right of dower to the surviving husband in the lands of the wife.

This right of dower is not changed by the amendment to the Statute of Descent, though the manner of its assertion and the method in which it may be waived are affected by the amendment. The spouse entitled to dower is required, within one year after letters of administration are issued, to elect between the right to take dower in the real estate and the right to receive one-third of the real estate of which the intestate died seized in fee. Such waiver and election may be made by filing or recording an instrument in writing expressing his or her intention to waive dower in such real estate or by failing to file such instrument. Par. 1, ch. 39, Cahill's Rev. St. 1933.

This amendment confers upon the widow or husband the right to receive as his or her absolute estate, in lieu of dower therein, one-third of each parcel of real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower. The waiver of right of dower is

therefore a condition precedent to the right of the widow or surviving husband to claim one-third of the real estate in fee and in order to establish his or her right to the interest in fee a waiver of dower in one of the manners provided by the statute must be alleged and proved. Until such right is exercised by one of the methods prescribed he or she merely retains the dower and would not acquire an interest in fee. *Steinhagen v. Trull, supra; Braidwood v. Charles,* 327 Ill. 500.

The bill contained no allegation of a waiver of the dower interest of the surviving husband and no evidence of any such waiver was presented on the hearing, and, therefore, the interest of the surviving husband in the real estate in question was a dower interest and he was not the owner in fee of a one-third interest therein. Unassigned dower is not subject of lease, transfer or sale, and can only be released to the owner of the fee, and a deed, by the person having a dower interest in land unassigned, to a person other than the owner of the fee conveys nothing. *Fletcher v. Shepherd,* 174 Ill. 262; *Lewis v. King,* 180 Ill. 259.

Robert M. Hilligoss, the surviving husband of Olive F. Hilligoss, not having waived his right of dower in one of the methods provided by the statute, appellant, F. L. Wilson, did not become the owner of an undivided one-third interest in the lands in question or acquire any right or title thereto. This being so it follows that the lands in question were not held in joint tenancy, tenancy in common or coparcenary, and hence they were not, either at common law or under the statute, subject to partition. The lands not being subject to partition, the court had no jurisdiction of the subject matter of the suit, and hence the whole proceeding is absolutely null and void. *Reynolds v. McCurry,* 100 Ill. 356.

It is also contended by appellant that the well known rule of law, that in judicial sales the rule of *caveat emptor* applies and is binding upon the purchaser in such sales. It is a general rule, subject to few exceptions, that in all judicial sales the doctrine of *caveat emptor* applies.

One of the exceptions to the rule being, where the sale is void, and the purchaser in such event can recover back his purchase money. In the case of *Dorman v. Lane,* 1 Gilm. (Ill.) 143, 150, it is said: "It was also shown that the same land had been sold previously by Lane, under the authority of an Act of the legislature to pay the same debt, and the proceeds of the sale received by him. This Court, by a former decision, declared the Act, under which this sale has been made, unconstitutional and void, and the rule of law is, that a sale under a void authority is also void, and the purchaser can recover back the purchase money."

The purchaser at a judicial sale is always entitled to such interest as the defendant or other person whose land is sold actually has. If the sale from any defect in the proceeding is so void that it cannot transfer such title and interest as the defendant or other person whose land is sold has, then the purchaser is not bound by his bid, but may successfully resist any action seeking its enforcement. This is not upon the ground that the title is worthless, but because the title bought cannot be transferred to him by the sale. *Thrift v. Frittz,* 7 Ill. App. 55, 58, citing Freeman on Execution, sec. 301.

The complainant in the partition suit, F. L. Wilson, had no interest in the lands in question; Warren W. Hilligoss was the sole owner of the lands subject to the dower interest of his father and said lands were not held in joint tenancy, tenancy in common or coparcenary, and so were not subject to partition, and this being so it follows that the court had no juris-

diction of the subject matter of the suit, and hence the whole proceeding is absolutely null and void. For that reason the purchaser, C. M. Boling, is entitled to the return of his money because the title bought cannot be transferred to him, and the rule of *caveat emptor* will not apply.

It having been called to the attention of the court that the complainant, F. L. Wilson, had no interest in the lands sought to be partitioned and that the same were not held in joint tenancy, tenancy in common or coparcenary and that said lands were not, either at common law or under the statute, subject to partition, and for that reason the court had no jurisdiction of the subject matter of the suit, and that all of the proceedings had in such case were void, it was authorized without the filing of a petition and of its own motion to set aside the sale, and having entered such order it could not be said that it at the same time could not cancel the deed and order a return of the purchase price.

When the decree of the court was entered on said petition, the checks given in payment of the purchase price were still in the hands of the master awaiting the order of the court on said petition, and the deed had never been placed on record and was in the hands of the purchaser and had been tendered back for cancellation, and equity and justice required that such decree be entered by the court.

We are of opinion that there is no reversible error in the record. The decree of the circuit court is, therefore, affirmed.

. *Affirmed.*