JESSIE G. BROWN, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF MILTON HAY BROWN, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91093.   Promulgated March 19, 1940.

*Albert C. Schlipf, Esq.*, and *Logan Hay, Esq.*, for the petitioner. *Franklin F. Korell, Esq.*, for the respondent.

## SUPPLEMENTAL OPINION.

SMITH: The decedent herein was a son of Kate Hay Brown. In our prior opinion in this case, 40 B. T. A. 934, we said:

Prior to her death on October 28, 1923, Kate Hay Brown owned an undivided one-half interest in a number of farms and other parcels of real property inherited by her from her father. Upon her death her husband, Stuart Brown, inherited a one-third undivided interest in fee and each of their three children inherited a two-ninths interest in fee in the estate. The heirs decided that it was impracticable to set off their interests in metes and bounds and decided that it was to the interest of all to keep their interests undivided. They therefore created a trust, evidenced by the trust instrument executed on December 24, 1923. Stuart Brown contributed his undivided one-third interest and each of the three children contributed his two-ninths interest to the trust estate, * * *

* * * * * * *

Prior to the creation of the trust on December 24, 1923, Stuart Brown had an undivided one-third interest in fee in the estate of Kate Hay Brown. Joining with his children he transferred this property to the trust on December 24, 1923, with the right to receive the income for life with the further right to say who of the descendants of Kate Hay Brown should receive his share upon his death.

* * * * * * *

The simple facts are that the interest in the corpus of the trust estate owned by his father, Stuart Brown, never became a part of the decedent's estate. He simply had a right to receive the income for life from one-third of his father's interest in the trust estate, with a limited power of appointment with respect thereto. * * *

The above statements were based upon our understanding of the statutes of the State of Illinois. The respondent now contends that the courts of Illinois have interpreted the statutes differently. The point has been reargued by counsel.

The issue is whether Stuart Brown transferred to the trust on December 24, 1923, a one-third interest in fee in the property of his wife, Kate Hay Brown, or only a dower interest. If he transferred one-third, then our original opinion was correct. But, if it was only a dower interest then Milton Hay Brown, the decedent in this case, transferred to the trust a one-third interest in his mother's estate subject only to the dower rights of his father, Stuart Brown, in that one-third. The petitioner contended and contends that the interest in the property transferred by Stuart Brown was a one-third interest in fee.

The Illinois statute in force at the time of the death of Kate Hay Brown and of also her husband, Stuart Brown, provided as follows:

Fourth—When there is a widow or surviving husband, and also a child or children or descendants of such child or children of the intestate, the widow or surviving husband shall receive, as his or her absolute personal estate, one-third of all the personal estate of the intestate; and he or she shall also receive as his or her absolute estate, in lieu of dower therein, one-third of each parcel of

**584**

real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower. Such waiver may be effected by either or both of the following methods:

(a) By filing or recording, within one year after the death of the intestate, in the manner hereinafter provided, an instrument in writing duly signed and acknowledged by the surviving widow or husband expressing his or her intention to waive dower in such real estate; and

(b) By failing to file or record within one year after the death of the intestate, in the manner hereinafter provided, an election to take dower in such real estate.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

No such instrument, whether electing to take or waive dower, shall be of any effect unless filed or recorded within the time, in the manner and in the office herein provided. [Smith-Hurd Illinois Revised Statutes, 1923, ch. 39, § 1, p. 744.]

In *Braidwood* v. *Charles*, 327 Ill. 500; 159 N. E. 38, the wife died intestate, leaving her husband and two children as her sole heirs at law. The husband died intestate eight days after the death of his wife and was survived by his son by a prior marriage. The son contended that his father inherited one-third of all of the real estate of which his wife died seized and that upon his death this one-third interest in fee descended to him as heir of his father. In denying this contention the court said:

The waiver of the right of dower is a condition precedent to the right of the widow or surviving husband to claim one-third of the real estate in fee, and in order to establish her or his right to the interest in fee a waiver of dower in a manner provided by the statute must be alleged and proved. *Steinhagen* v. *Trull*, 320 Ill. 382, 151 N. E. 250. The cross-bill in the present suit alleges no waiver by appellant's father of his right of dower, but, on the contrary, states that by the death of Mrs. Milham her surviving husband became vested in fee, in lieu of dower, of an undivided one-third of each parcel of real estate of which she died seized. The surviving husband upon his wife's death took only a right of dower, and not an interest in fee in his deceased wife's real estate. The statute gave him the right to renounce his dower for an ampler estate, but until he exercised that right by either or both of the methods prescribed he merely retained his dower and did not acquire an interest in fee simple. By his death eight days after the death of his wife, without exercising his election, his right of dower, which was for life only, was extinguished, and his right of election necessarily terminated at the same time. A life estate is not inheritable, hence the appellant, so far as any interest in the real estate which Mrs. Milham owned is concerned, inherited nothing from his father. Appellant cannot revive an extinct life estate, convert it into a fee simple interest, and inherit the latter.

In *Stelling* v. *Stelling*, 330 Ill. 155; 161 N. E. 477, the court held that:

Waiver of widow's right of dower by filing and recording writing expressing such intention in manner provided by Statute of Descent (Smith-Hurd Rev. St. 1927, c. 39), § 1, par. 4, cl. (a), or by failing to file or record election to take dower within year after husband's death under clause (b), must be alleged and proved to entitle her to claim one-third of decedent's realty in fee.

To the same effect is *F. L. Wilson* v. *Robert Morris Hilligoss*, 278 Ill. App. 564.

No claim is made by the petitioner that Stuart Brown filed any instrument of record waiving his right of dower. He died October 26, 1924, or less than one year after the death of his wife. The petitioner argues that since Stuart Brown joined his three children in the trust indenture and in the execution of the warranty deed he in effect waived his dower rights in the estate of his wife and legally made the election to receive a one-third interest in fee in lieu of dower.

Under the above decisions of the Illinois courts, which are binding upon the Board in the matter under consideration, a waiver of dower rights in real estate can be made only in the manner provided by statute, that is, by filing such a written waiver within one year after the death of the deceased spouse or by failing to do so within one year. Counsel for the petitioner has not referred us to any opinions of the Illinois courts in conflict with those above cited. In accordance therewith it must be held that at the time of the execution of the trust indenture on December 24, 1923, Stuart Brown had only a dower interest in the estate of Kate Hay Brown. His dower interest is the only interest which he transferred or could have transferred to the trust. This being true, it must be held that Milton Hay Brown transferred a one-third interest in the estate of his mother, subject to the dower right of his father. There is no evidence as to the value of that dower right. We think that the respondent did not err in including in the gross estate of the decedent the value of a one-third interest in the trust estate, stipulated to be $241,808.45. The opinion of the Board, promulgated at 40 B. T. A. 934, is modified accordingly.

Reviewed by the Board.

*Decision will be entered under Rule 50.*