Clara Kryczka, Appellee, v. Gertrude Brzozowski and Joseph Brzozowski.
Appeal of Joseph Brzozowski, Appellant.

Gen. No. 43,491.

Opinion filed March 11, 1946. Rehearing denied March 25, 1946. Released for publication March 25, 1946.

SCHAFFENEGGER & WOSIK, and AYMER D. DAVIS, all of Chicago, for appellant.

MITCHELL KILANOWSKI, of Chicago, for appellees.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Anna Brzozowski died intestate in Chicago, Cook county, Illinois, November 1, 1925. She left surviving her only heirs at law a daughter Clara (now Mrs. Kryczka) born February 27, 1907, a daughter Gertrude (now Mrs. Nowacki) born April 14, 1920, and her husband Joseph. She died seized in fee simple of a tract of land situated in the City of Chicago, County of Cook

and State of Illinois, described in the complaint and usually known as 2133 West 18th street.

August 25, 1939, the daughters filed a complaint, praying the dower interest of Joseph, husband and father, be assigned, a receiver appointed, a partition made and an accounting taken. March 19, 1941, Joseph filed his declaration to waive dower in the office of the Recorder of Deeds of Cook County, electing thereby to take one third of the premises in fee. (Smith-Hurd Ill. Rev. Stat., with annotations, 1925, ch. 39, par. 4.) A decree of partition was entered June 10, 1941. The parties stipulated that the value of the land was $650; of buildings on it, $4,380; a garage, $325; total $5,255.

The master found the premises could not be partitioned by metes and bounds and should be sold. The premises were sold under the decree by the master to Joseph Brzozowski for $4,975, and an order was entered confirming the same.

The question as to costs of the suit, allowances for improvements made, and the accounting as to the amounts due, the decree directed should be reserved for further hearing before the master after the sale of the premises.

The decree found from the report and supplemental report of the master that the rights and interests of the parties had been properly set out in the amended complaint of Clara Kryczka. It recited the death of Anna Brzozowski, the issuance of letters of administration to Joseph, November 29, 1940, the filing of his declaration to waive dower March 19, 1941 and election to obtain one third in fee, and "that by virtue thereof the said Joseph Brzozowski *became seized of a one-third (1/3rd) fee simple title interest in and to the premises hereinbefore described, as of March 19, 1941.*" It also found that from the time of the death of Anna up to the report, the defendant Joseph Brzozowski, had been in possession of the premises and was then in possession thereof; that the premises were

improved with a one-story brick building, wherein a furniture business is operated by the defendant under the name and description of "The Annex Furniture"; that the brick building was erected and constructed by Joseph Brzozowski in lieu of the building on the premises theretofore.

This decree and order approving the report of sale have not been appealed from by any of the parties, all of whom are of lawful age. There was later a reference for the purpose of ascertaining the proper distribution and accounting of the proceeds of sale and of the rents and income derived from the property. The master made a report that from the death of Anna, the father and husband had been in possession of the premises; that at her death these were improved by a two-stall garage and a frame cottage, consisting of a store in the front and four rooms in the rear; that on or about November 1, 1929, the building on the premises was torn down and there was constructed by the defendant a new brick building. The master also found the rental value of the store and of the garage during the period of the occupancy by Joseph Brzozowski and also the rental value of the new store building from November 1, 1929 to July 16, 1941. By a supplemental report the master found Joseph Brzozowski entitled to receive 4380/5255ths of the net proceeds of the sale because of the amount the premises at the time of the sale were enhanced in value by the new brick building Joseph had erected. He also found the frame cottage torn down by Joseph Brzozowski in 1929, in order to construct the new building, had no value at the time it was torn down; that Joseph was entitled to a credit of $1,593.04 for taxes paid on the premises during the period of occupancy against the rentals due from him. The master found by a supplemental report that the rentals for the period from November 1, 1925, up to and including October 31, 1929, due from Joseph Brzozowski, by reason of his posses-

sion of the premises during said period, were to be distributed in three equal parts: one third to Gertrude Nowacki, one third to Clara Kryczka, and one third to Joseph Brzozowski; that Joseph Brzozowski was entitled to be credited with the amount the rentals were increased by the one-story brick building erected on or about November 1, 1929, to-wit: 4380/5255ths of the rentals from November 1, 1929, up to and including July 16, 1941, the date of the sale; that the amount of the rentals for that period of time, after allowing Joseph Brzozowski said credit of 4380/5255ths should be accounted for by him and distributed in three equal parts: one third to Gertrude Nowacki, one third to Clara Kryczka, and one third to Joseph Brzozowski. The master found the amount due Joseph from proceeds of the sale, rents, etc. to be $3,087.49 plus $205.59, a total of $3,292.08; the amount due Clara Kryczka from the proceeds $205.60, and to Gertrude Nowacki from the proceeds of sale a like amount. The amount due to Clara and Gertrude from proceeds of rentals, after all deductions and credits, $430.70, a total of $636.30 for each. The proceeds of sale due to Joseph were found to be $2,431.68, and from the accounting for rentals $636.30, making a total amount due to him, after allowing deductions and credits, the sum of $2,431.68. In other words, the master held as a matter of law that the election of Joseph to take a fee in the real estate instead of dower related back to the death of his wife on November 1, 1925. The court overruled the master holding Joseph did not take the fee until he made his election.

The final decree adopts the finding of the decree of June 10, 1941, "That by virtue of the Declaration of Intention to Waive Dower the title to said premises has become vested *since the 19th day of March, 1941,* and is now so vested in equal parts in Clara Kryczka, Gertrude Nowacki, formerly Gertrude Brzozowski and Joseph Brzozowski." By allowing to Clara Kryczka

and Gertrude Nowacki all the rents from the date of the death of their mother, November 1, 1925, up to and including March 19, 1941, when Joseph filed his declaration to waive dower and take a fee in the land, the decree finds that there is due from Joseph to Clara Kryczka and Gertrude Nowacki for rents during the period from November 1, 1925, up to and including July 16, 1941, after all deductions, the sum of $3,009.82, and that Joseph is entitled to a credit for the period from November 1, 1925, to and including July 16, 1941, the sum of $906.46, and also to a credit of one third of the rentals from March 19, 1941 to July 16, 1941, of $25.72, or a total of $932.18.

■ Out of a somewhat complicated account the simple question is presented whether the election of Joseph Brzozowski to take a one-third fee in the lands of his wife instead of his dower rights therein, gave him title of 1/3 in fee simple from the day of his declaration so to do (namely, March 19, 1941), as the daughters contend, or whether that election related back to the day of the death of Anna, the wife and mother, on November 1, 1925.

The answer depends upon the construction of the statute applicable. This section of the statute, as amended June 30, 1925, (see Laws of 1925, p. 342) Ill. Rev. Stats. 1925, ch. 39, § 1, is as follows:

"When there is a widow or a surviving husband and also a child or children or descendants of such child or children of the intestate, the widow or surviving husband shall receive as his or her absolute personal estate, one third of all the personal estate of the intestate; he or she shall also receive as his or her absolute estate, in lieu of dower therein, one third of each parcel of real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower. Such waiver may be effected by either or both of the following methods:

"(a) By filing or recording within one year after letters of administration are issued, in the manner hereinafter provided, an instrument in writing duly signed and acknowledged by the surviving widow or husband expressing his or her intention to waive dower in such real estate; and

"(b) By failing to file or record within one year after letters of administration are issued, in the manner hereinafter provided, an election to take dower in such real estate.

"  .  .  . Each such instrument whether electing to take or waive dower, shall be filed in the office of the recorder of deeds of the county in which the real estate sought to be affected lies.  .  .  .

"No such instrument whether electing to take or waive dower shall be of any effect unless filed or recorded within the time, in the manner, and in the office herein provided."

A comparison of this with the prior statute indicates that the only change from the then existing statute was the substitution of the phrase "within one year after letters of administration are issued" for the phrase "within one year after the death of the intestate." (Smith-Hurd Ill. Rev. Stat. 1923, ch. 39, par. 4.) We do not find this particular paragraph of the statute has ever been directly construed by the Supreme Court. It has been repealed by the Act approved July 24, 1939, Ill. Rev. Stats. 1945, ch. 39, page 1288, Laws 1939, p. 4.

Joseph Brzozowski contends he took title to one third of the premises from the date of the death of his wife. He argues as a matter of law that his election of March 19, 1941, relates back to the death of his wife November 1, 1925, and says that he is therefore entitled to one third of the rents from that date. This is his principal objection to the decree, which on this point overruled the master. We are constrained to

the view that the chancellor ruled correctly. The point requires the construction of § 1, clause 4 of chapter 39 of the Ill. Rev. Stats. 1925.

The daughters contend the ruling is contrary to the partition decree of June 10, 1941, from which no appeal has been taken. We hold since that decree reserved for further consideration the distribution of the rents and proceeds of the sale the trial court retained jurisdiction to consider that question.

It is a question of the construction of the statute as it existed at the date of the death of Anna Brzozowski November 1, 1925. The object of such construction is to find the intention of the legislature, and that intention must be found in the words of the statute. We find no words here from which an intention that an election made after the appointment of an administrator for the deceased would relate back to her death. That intention cannot be wrested, from the language of the statute. The statute says plainly that the election must be in writing and it must be recorded within a certain time, namely, ''within one year after letters of administration are issued.'' An alternative is provided. The husband or wife, by failing to do either of the above things within the time named, may be held to have decided to elect to take dower. The intestate here died November 1, 1925. Letters of administration were not taken out until November 29, 1940. The election to take one third of the real estate was not filed and recorded until March 19, 1941. In other words, there was a delay of about 16 years, during which time it would not have been possible for the public interested to ascertain the state of the title to these premises. During this time Joseph, the father, was in possession. He cites to his point that the election, when made, related back to the death of his wife, 26 Corpus Juris Secundum 1084, § 60 (E), and *Lowrimore v. First Savings & Trust Co. of Tampa,* 102 Fla. 740, 140 So. 891. The statement of the text in Corpus

Juris Secundum is based solely on the Florida case. We have examined and think it is not at all applicable here. The Florida case involved the right of certain next of kin (part of the whole and part of the half blood) to take under the provisions of a will of a deceased husband, whose widow dissented from the will and elected to take a child's part, which it seems she had a right to do under the Florida statute. The question there was to determine the intention of the testator. The point in this case is to determine the rights of a husband under a statute where the wife died intestate. The questions are not analogous.

Defendant cites the case of *O'Malley v. Deany*, 384 Ill. 484. That is a case in partition where a son had been in possession from the death of his father. The father died intestate December 18, 1939, seized of a one half fee simple interest in certain land and leaving this son and his wife and a daughter. The bill was filed July 15, 1942. The wife, under the statute as amended, failed to make an election whether she would waive the dower interest and take one third of the fee, thereby, according to the statute, obtaining a one-third interest therein. The opinion of the Supreme Court says (p. 491) that she could make this election under the statute by failing to file the written election. The opinion goes on to say that many times the question has been before the court as to the nature of a husband's or wife's interest in the estate of a deceased spouse "during the period of time within which an election to waive dower is permitted, and we have held that an election in the manner provided by statute is necessary to vest the interest of the surviving spouse in the real estate of the deceased. *Steinhagen v. Trull*, 320 Ill. 382; *Braidwood v. Charles*, 327 Ill. 500." There is not a word in the decision concerning the question to be decided here.

Defendant cites *Ruwaldt v. W. C. McBride, Inc.*, 388 Ill. 285. The case involved an oil lease. The husband

died intestate April 24, 1936, leaving a widow and six children. Letters of administration were not issued until July 19, 1941. Two days afterwards (July 21, 1941) the widow filed her election to waive dower and take a one-third interest in the real estate in fee. The court said the widow was not deprived of her right to elect because of delay in taking out letters of administration, and since she had elected within the time fixed by the statute ''the effect of her election is to reduce the interest of each one of her children from a one-sixth interest subject to the dower, to a one-ninth interest in fee.'' There is nothing in the language of the opinion about her election relating back to the death of her husband. We hold these cases do not sustain the contention of appellant.

This statute, as amended, was construed by the Appellate Court in the case of *Wilson v. Hilligoss,* 278 Ill. App. 564. In that case Olive F. Hilligoss, owner of certain lands, died intestate on February 12, 1930. She left surviving her husband, Robert M., and a minor son. The husband made no election to take a fee in lieu of dower in the lands, but on May 7, 1932, quitclaimed to complainant Wilson for a valuable consideration. Wilson filed a complaint in partition, making the husband and minor son defendants. A guardian *ad litem* was appointed for the minor, the cause put at issue and referred to a master, who recommended a decree. A decree was entered and the property sold to Boling for $2,200. The sale was approved and the master issued a deed to the purchaser. Within the term of court Boling filed a petition to have the sale set aside and the money paid by him returned for the reason that the decree was void, since the quitclaim deed had been executed and delivered before any election was or could have been made to take a fee in lieu of dower. It was asserted that since the quitclaim was made to a stranger to the title it could not bar any inchoate right of dower and the plaintiff took no interest which would

authorize him to bring a partition suit. The return of the money was asked on the theory that it had been paid under a void decree. There was a general and special demurrer to the petition, overruled by the court. The cause was heard on the petition taken as confessed, and a decree was entered as prayed. On appeal to the Appellate Court the court said:

"This right of dower is not changed by the amendment to the Statute of Descent, though the manner of its assertion and the method in which it may be waived are affected by the amendment. The spouse entitled to dower is required, within one year after letters of administration are issued, to elect between the right to take dower in the real estate and the right to receive one third of the real estate of which the intestate died seized in fee. Such waiver and election may be made by filing or recording an instrument in writing expressing his or her intention to waive dower in such real estate or by failing to file such instrument. Par. 1, ch. 39, Cahill's Rev. St. 1933.

"This amendment confers upon the widow or husband the right to receive as his or her absolute estate, in lieu of dower therein, one third of each parcel of real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower. The waiver of right of dower is therefore a *condition precedent* to the right of the widow or surviving husband to claim one third of the real estate in fee and in order to establish his or her right to the interest in fee a waiver or dower in one of the manners provided by the statute must be alleged and proved. Until such right is exercised by one of the methods prescribed he or she merely retains the dower and would not acquire an interest in fee."

The opinion cites *Braidwood v. Charles,* 327 Ill. 500, and *Steinhagen v. Trull,* 320 Ill. 382, to the effect that election to waive in the manner provided by the statute

is a condition precedent to the vesting of the estate in fee. The result seems to arise out of the very nature of dower and plain construction of the language of the statute. *Liesman v. Liesman*, 331 Ill. 287; *Sill v. Sill*, 185 Ill. 594; *Claussen v. Claussen*, 279 Ill. 99; *Kyle v. Wills*, 166 Ill. 501; *Priddy v. Griffith*, 150 Ill. 560.

Defendant also makes the point that under the law anyone making improvements on real estate is entitled on an accounting for rents to credit for the amount the improvements enhanced the rental value of the premises. This principle was recognized in this decree. It will be affirmed.

*Affirmed.*

O'CONNOR and NIEMEYER, JJ., concur.